UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DEUTSCHE BANK
NATIONAL TRUST COMPANY,

      Plaintiff,

                                Case No. 2:07-cv-1016
  v.                            JUDGE GREGORY L. FROST
                                Magistrate Judge Terence P. Kemp

MELANIE MILLS, et al.,

      Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of defendant Melanie Mills' motion to dismiss (Doc. # 13), Plaintiff's memorandum in opposition (Doc. # 17), and Mills' reply memorandum (Doc. # 23). Also before the Court are Mills' notice of supplemental exhibit (Doc. # 21) and Plaintiff's sur-reply memoranda (Docs. # 24, 25). For the reasons that follow, the Court finds the motion to dismiss not well taken.

### I. Background

On February 7, 2007, Plaintiff, Deutsche Bank National Trust Company, filed a foreclosure action in the Common Pleas Court of Franklin County, Ohio. Plaintiff's complaint asserted that it was the holder of a note and mortgage on which Defendant Melanie Mills was in default. (Doc. # 3.) Thereafter, Mills subsequently removed the action to this Court on October 5, 2007. (Doc. # 2.) Not long thereafter, Mills filed a motion to dismiss the complaint. (Doc. # 13.) The parties have completed briefing on the motion, which is now ripe for disposition.

### II. Discussion

In her motion, Mills seeks the dismissal of this action on the grounds that Plaintiff is not the real party in interest, in violation of Federal Rule of Civil Procedure 17. She argues that Rule

1

17(a) requires that only the real party in interest prosecute an action and that Plaintiff is not that party.

Mills is correct that the real party in interest here must be the current holder of the note and mortgage. But as Plaintiff notes, it attached to the complaint a copy of the note and the mortgage, as well as the December 19, 2005 assignment of both from New Century Mortgage Corporation to Plaintiff (Doc. # 3, at 32). These documents, which were transmitted to this Court from the state court upon the October 5, 2007 removal, indicate that Plaintiff was indeed the real party in interest at the time of the filing of the complaint in the state court on February 7, 2007. There is no basis on which to conclude that Plaintiff's status has since changed. Therefore, the grounds for dismissal presented in Mills' motion to dismiss are without merit.

In her reply memorandum, however, Mills attempts to broaden the scope of her motion to dismiss. Her subsequent filing asserts that dismissal is warranted because Plaintiff has failed to comply with five various requirements set forth in General Order No. 07-03, which governs foreclosure cases filed in this District.

This argument fails for two reasons. First, as a matter of procedure, it is well settled that Mills cannot raise these new arguments in her reply memorandum. *See Curcio Webb LLC v. Nat'l Benefit Programs Agency, Inc.*, 367 F. Supp. 2d 1191, 1207 n.28 (S.D. Ohio 2005) (quoting *In re FirstEnergy Corp. Sec. Litig.*, 316 F. Supp. 2d 581, 599 (N.D. Ohio 2004)); *Books A Million, Inc. v. H&N Enters., Inc.*, 140 F. Supp. 2d 846, 859 (S.D. Ohio 2001) (citing *Aetna Cas. & Sur. Co. v. Leahey Constr. Co., Inc.*, 219 F.3d 519, 545 (6th Cir. 2000)). Second, as a substantive matter, General Order No. 07-03 does not apply to cases brought here by removal so as to invalidate an otherwise properly filed pleading. Although upon removal any judicial officer is free to inquire into those areas of standing and diversity targeted by that General Order, logic and rationality dictate that no plaintiff filing in state court is required to adhere to the filing

requirements imposed by a federal court's standing order.[1]  Removal does not alter the limited scope of the General Order.  Thus, Mills' belated arguments similarly fail to compel dismissal.

This leaves several housekeeping matters.  The Court notes that the parties have filed a number of documents in contravention of the Local Civil Rules.  The first example of this conduct is found with Mills.  After Plaintiff filed its December 10, 2007 memorandum in opposition (Doc. # 17), Mills filed a January 7, 2008 notice of supplemental authority (Doc. # 21) through which she sought to rely on a May 23, 2007 order of a bankruptcy court.  The Local Civil Rules provide that "[w]hen proof of facts not already of record is necessary to support or oppose a motion, all evidence then available shall be discussed in, *and submitted no later than*, the primary memorandum of the party relying upon such evidence."  S.D. Ohio Civ. R. 7.2(d) (emphasis added).  The Local Civil Rules also provide that when "evidence is not available to meet this schedule . . . counsel shall consult one another and attempt to stipulate to an agreed Motion for extension of the schedule established by this Rule; failing agreement, counsel shall promptly bring the matter to the attention of the Court in order to avoid piecemeal submission of evidence and unnecessary memoranda."  S.D. Ohio Civ. R. 7.2(d).  Mills' attempt to supplement her motion was therefore filed late and without taking the appropriate steps under the applicable rules.  The Court therefore **STRIKES** Mills' filing and does not consider its contents.  (Doc. # 21.)

Plaintiff is equally guilty of ignoring this Court's rules.  After Mills filed her reply memorandum (Doc. # 23), Plaintiff filed a sur-reply on the grounds that "[Mills'] previous motion to dismiss failed to raise or argue [a] claim and therefore Plaintiff should be afforded an opportunity to oppose same."  (Doc. # 25, at 2.)  This may indeed be so, but the way to be heard

---

[1] A judicial officer in a removal case may also order that General Order No. 07-03 control the post-removal course of the litigation.

is to adhere to the rules.  The Local Civil Rules permit the filing of a motion and memorandum in support, a memorandum in opposition, and a reply memorandum.  S.D. Ohio Civ. R. 7.2(a)(1), (2).  The rules specifically state that "[n]o additional memoranda beyond those enumerated will be permitted except upon leave of court for good cause shown."  S.D. Ohio Civ. R. 7.2(a)(2).  Because Plaintiff filed its sur-reply without first requesting and obtaining leave of this Court, the sur-reply is not properly before the Court.  The Court thus **STRIKES** Plaintiff's filing and does not consider its contents.  (Doc. # 25.)

Finally, the Court also has before it Plaintiff's "response" to Mills' notice of supplemental exhibit.  (Doc. # 24.)  Plaintiff's filing is curious.  It attacks the filing of the supplemental exhibit, but is not a motion to strike that exhibit.  Instead, Plaintiff's filing presents argument as to the merits of the exhibit content and urges denial of the motion to dismiss.  And because the notice of the supplemental exhibit was not a motion, Plaintiff's responsive filing is not properly categorized as a memorandum in opposition.  Because Plaintiff's filing ultimately addresses the motion to dismiss, then, the Court will regard it as yet another improperly filed sur-reply.  The Court also **STRIKES** Plaintiff's filing and does not consider its contents.  (Doc. # 24.)

### III.  Conclusion

For the foregoing reasons, the Court **DENIES** Mills' motion to dismiss (Doc. # 13) and sua sponte **STRIKES** those documents filed in violation of the Local Civil Rules (Docs. # 21, 24, 25).

**IT IS SO ORDERED**.

                                                /s/ Gregory L. Frost
                                            GREGORY L. FROST
                                            UNITED STATES DISTRICT JUDGE