UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Deutsche Bank, National Trust :
Company, as Indenture Trustee,
                            :
       Plaintiff,
                            :
  v.                            Case No. 2:07-cv-1016
                            :
Melanie Mills, et al.,      JUDGE FROST
                            :
       Defendants.

OPINION AND ORDER

    This foreclosure action is currently before the Court to consider defendant Melanie Mills' motion for leave to file amended answer and counterclaim (doc. #18). The proposed amendment would deny that the plaintiff is the owner and holder of the mortgage and promissory note. For the following reasons, the motion for leave to amend will be denied.

I.

    On February 7, 2007, the plaintiff, Deutsche Bank National Trust Company, filed suit in the Court of Common Pleas of Franklin County, Ohio. The complaint asserted that the plaintiff was the holder of the note and mortgage on which the defendant, Melanie Mills, was in default (Doc. #3). On October 5, 2007, Ms. Mills removed the action to this Court (Doc. #2). In her answer and counterclaim filed October 15, 2007, Ms. Mills admitted that the plaintiff is owner and holder of the note and mortgage (Doc. #6). On December 14, 2007, she filed the motion to amend now at issue.

II.

Fed.R.Civ.P. 15(a) states that when a party is required to seek leave of court in order to file an amended pleading, "leave shall be freely given when justice so requires." The United States Court of Appeals for the Sixth Circuit has spoken extensively on this standard, relying upon the decisions of the United States Supreme Court in <u>Foman v. Davis</u>, 371 U.S. 178 (1962) and <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 401 U.S. 321 (1971), decisions which give substantial meaning to the phrase "when justice so requires." In <u>Foman</u>, the Court indicated that the rule is to be interpreted liberally and that, in the absence of undue delay, bad faith, or dilatory motive on the part of the party proposing an amendment, leave should be granted. 371 U.S. at 182. In <u>Zenith Radio Corp.</u>, the Court suggested that mere delay, of itself, is not a reason to deny leave to amend, but delay coupled with prejudice either to the interests of the opposing party or to the court can justify a denial. 401 U.S. at 330-31; <u>see</u> <u>also</u> <u>Morse v. McWhorter</u>, 290 F.3d 795, 800 (6th Cir. 2002); <u>Bridgeport Music v. Dimension Films</u>, 410 F.3d 792, 806 (6th Cir. 2005). Additional factors that militate against leave being granted include a repeated failure to cure deficiencies by previous amendments, undue prejudice that may result against the opposing party, lack of notice to the opposing party, and the futility of such an amendment. <u>Bridgeport Music</u>, 410 F.3d at 805; <u>Taylor v. Nat'l Group of Cos., Inc.</u>, 765 F. Supp. 411, 416 (N.D. Ohio 1990). It is with these standards in mind that the current motion to amend will be decided.

III.

Ms. Mills seeks to amend her answer and counterclaim to allege that the plaintiff is not the owner and holder of the promissory note which is attached as Exhibit A to the complaint. She argues that Rule 15(a) provides that leave shall be freely given when justice so requires. Ms. Mills is correct that Rule 15(a) requires the Court to freely give leave to amend when justice requires. However, in this case, the interests of justice weigh against granting the motion to amend.

In support of her motion for leave to amend, Ms. Mills cites to a recent case involving the same plaintiff, In re Foreclosure Cases, 2007 WL 3232430 (N.D. Ohio Oct. 31, 2007). In the Foreclosure Cases, the court held that the plaintiff was not the owner and holder of the notes and mortgages. Id. at *1-2. However, Ms. Mills was not a party to that action and the decision did not involve the note and mortgage at issue in this case.

As the Court observed in its Opinion and Order of February 12, 2008, while the defense of real party in interest (which is the issue Ms. Mills seeks to raise by amending the pleadings) is a valid defense if the facts support it, they do not do so here. The Court found in that opinion that "plaintiff was indeed the real party in interest at the time of the filing of the complaint...." Id. at 2.  Thus it would be futile to allow Ms. Mills to amend her pleadings concerning this issue.

IV.

Ms. Mills also filed a motion for an in camera review of a

call log produced by plaintiff, and a motion for leave to file excess requests for admissions. Based on discussions had at the initial pretrial conference, it is the Court's view that both motions are either moot or premature. They will therefore be denied as well.

V.

For the foregoing reasons, Ms. Mills' motion for leave to file an amended answer and counterclaim (#18) and her two discovery motions (#27 and #29) are all denied.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge